In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-19-00193-CR**

**STEPHANIE NICOLE AUSTIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 7th District Court
Smith County, Texas
Trial Cause No. 007-0089-19

**MEMORANDUM OPINION**

Stephanie Nicole Austin entered an open plea of guilty to one count alleging she delivered or manufactured a controlled substance (methamphetamine), in an amount of between four and two-hundred grams. After the trial court assessed a fifty-year sentence, Austin appealed. The attorney appointed to represent her in her appeal then filed a brief, in which he argues there are no nonfrivolous arguments he can

1

raise to support Austin's appeal.[1] After reviewing the record, we agree with Austin's attorney and find Austin's appeal is frivolous.[2]

On appeal, Austin's attorney filed a brief, which contains his professional evaluation of the record. In the brief, Austin's attorney concludes Austin's appeal is frivolous.[3] After Austin's attorney sent Austin a copy of the brief, Austin filed a pro se response. In it, she alleged that her attorney failed to provide her with effective assistance of counsel in her trial. According to Austin, her attorney was ineffective because he failed to move to suppress the evidence police obtained in what Austin claims in her brief was an illegal search. Austin also argues she never voluntarily, intelligently, or knowingly pleaded guilty to possessing the meth that was the subject of her indictment. Last, Austin argues the trial court's judgment should be reversed because her sentence fails to include what Austin characterizes in her pro se response was a statutorily mandated fine.

But given our finding that Austin's appeal is frivolous, we need not require the trial court to appoint another attorney to re-brief her appeal.[4] And since no arguable issues support the appeal, the trial court's judgment is affirmed.

---

[1]*See* Tex. Health & Safety Code Ann. § 481.112(d). Notably, Austin filed her appeal with the Twelfth Court of Appeals. The Texas Supreme Court, however, transferred the appeal to the Ninth Court of Appeals on June 20, 2019 based on a docket-equalization order. *See* Tex. Gov't Code Ann. § 73.001.

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).

[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

[4]*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 24, 2021
Opinion Delivered May 5, 2021
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.